ORIGINAL

FILED

08 MAR 27 PM 2: 13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

HRL

1 | Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
2 | 560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
3 | Telephone:   (415) 268-2000
Facsimile:   (415) 268-1999
4 | Email:      matt.jaksa@hro.com

5

6 | Attorneys for Plaintiffs,
ZOMBA RECORDING LLC; UMG
7 | RECORDINGS, INC.; ARISTA RECORDS LLC;
WARNER BROS. RECORDS INC.; BMG
8 | MUSIC; and SONY BMG MUSIC
ENTERTAINMENT
9

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08          1669

| | |
|---|---|
| ZOMBA RECORDING LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br> Defendant. | CASE NO. <br><br> ***EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1.    Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2.    As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3.    Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.    Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///

///

///

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

*Ex Parte* Application for Leave to Take Immediate Discovery
Case No.
#36401 v1

1      WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the

2  foregoing requested discovery immediately.

3  Dated:  March 27, 2008

HOLME ROBERTS & OWEN LLP

By:    _____

MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ZOMBA RECORDING LLC; UMG
RECORDINGS, INC.; ARISTA
RECORDS LLC; WARNER BROS.
RECORDS INC.; BMG MUSIC; and
SONY BMG MUSIC
ENTERTAINMENT

2